Richmond, P. J.
This was an action on a money demand and was originally tried upon an agreed state of facts which in substance are, that Jerome Lewis, the defendant in error, paid into the Holyoke Building and Loan Association, plaintiff in error, the sum of seventy-five dollars, thereby becoming a member of the association. At the time of payment there was an article of the by-laws which read as follows:— “ All non-borrowing stockholders wishing to withdraw shall be privileged so to do, upon giving notice to the directors of his or her intention, and shall be entitled to receive the amount of instalments actually paid in without interest.”
Defendant in error gave the notice, the association declined to return the money, insisting that since the payment by Lewis the directors of the association had repealed the article of the by-laws referred to and therefore defendant in error was not entitled to withdraw the money from the association. Judgment was rendered in favor of defendant in error for the amount of his demand. To reverse this judgment this writ of error is prosecuted.
The rule of law is that a corporation has not the right to repeal a by-law so as to impair rights which have been given and become vested by virtue of the by-laws, although the power to alter, amend, or repeal its by-laws is granted by charter. Endlich Law of Building Associations, § 278; Insurance Company v. Connor, 17 Pa. St. 136; Paul Revere v. Boston Copper Company, 15 Pick. 351; Angell & Ames on Corporations, § 342.
When that by-law was adopted it was as much the law of *129 the corporation as if its provisions had been part of the charter. But it is insisted that the corporation could alter, amend, add to or repeal by-laws before made, and that by virtue of this authority Lewis is precluded or estopped from asserting his right under the article mentioned.
The power to make by-laws is to make such as are not inconsistent with the constitution and the law, and the power to alter has the same limit, so that no alteration or repeal could be made which would infringe a right already given and secured by contract with the corporation.
No private corporation can repeal a by-law so as to impair rights which have been given and become vested by virtue of a by-law afterwards repealed. All by-laws must be reasonable and consistent with the general principles of the laws of the land which are to be determined by the court when a case is properly before them. But a by-law that will disturb a vested right is not such. Kent v. Quick Silver Mining Co., et. al., 78 N. Y. 159.
“ By-laws are the corporation’s charter and are subject to the constitution and general laws of the state. They fix the right of stockholders and are in the nature of a fundamental contract in form between the corporators and in practical effect between the association and its stockholders a contract which, as in all other cases, neither party is at liberty to violate. Any attempt on the part of the corporation, by by-laws or otherwise, to deprive a member of a right secured to him by the corporate articles is in excess of its authority.” Bergman v. St. Paul Mutual Building Ass’n, 29 Minn. 275.
The- fact that Lewis was a non-borrowing stockholder is not denied; that he gave the notice under the article of the by-laws referred to and that he had paid in the amount of money which he sought to recover is admitted. His right therefore of withdrawal was a vested right which the corporation, without his assent, could not deprive him of.
The judgment of the court below must be affirmed.

Affirmed.